[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action instituted by the plaintiff wife Deborah Elliott against the defendant husband John Elliott seeking a dissolution of their marriage. The parties were married on May 28, 1983. They have resided in the State of Connecticut for more than one year prior to the bringing of this action and the court has jurisdiction over the marriage and the parties. Neither party has been a recipient of public assistance during the period of the marriage. The parties have children who have the following names and birth dates: Jenna, born on April 30, 1985, Mark born on May 16, 1987, and Christopher, born May 16, 1987. There are no other proceedings pending in this state or any other concerning the custody of the minor children. The parties' marriage has broken down irretrievably. There is no reasonable hope of reconciliation and the court orders a dissolution of the marriage.
The trial of this matter commenced on June 15, 1999. The plaintiff was represented by counsel and the defendant represented himself pro se. When the presentation of the evidence was not finished after the first day of trial, the parties, particularly the defendant, were advised that the case would be continued to a date certain for the trial to be completed. The case was continued to August 3, 1999 for the trial to resume and the parties were duly notified. After the plaintiff rested, the defendant refused to proceed with his case and requested a continuance. As the court articulated on the record, under the circumstances, the expedient completion of the trial which had already been continued and the efficient management of the court's docket established that the interests of justice were not served by further delay and the motion for a continuance was denied. After the denial of his oral motion for continuance, the CT Page 14964 defendant declined to present any evidence and the evidentiary proceedings were concluded.
The court has carefully considered the statutory criteria for the granting of a dissolution of marriage, the awarding of custody, visitation, child support, alimony, and attorney's fees, as well as the statutory criteria for the dividing of the parties' assets and liabilities. The court makes the following findings and orders.
The wife is 46 years old. She testified that she has a physical condition that will require some medical care, but she did not identify specifically what this condition was and there is no evidence that any medical problems affect her working ability or capacity. The wife has a college degree in fine arts and a Master's degree in special education. She stopped working full time after the birth of the twins and recently reentered the work force. She has been working as a substitute teacher earning $75 a day. As a substitute teacher, she only is paid when she is called in to work. She is seeking work as a full time teacher, but had not found a position at the time of the trial. While engaging in this search, she has scheduled tutoring sessions to earn money. The wife has also worked as a life skills counselor for a nonprofit organization providing support for adults with learning disabilities. She left this position in 1998 when she received a long term position as a substitute teacher. This substitute teacher position has since ended. According to her financial affidavit, she earns $337 gross and $290 net a week as a substitute teacher. However, it is clear that she has a higher earning capacity and will have higher earnings when she obtains full time employment.
The wife's financial affidavit also indicates that she has weekly, personal expenses of $828 a week. Her total liabilities are $8,613 for which she makes weekly payments of $95. Most of this debt consists of credit card debt or other revolving credit liabilities. She testified that this debt was incurred to maintain the family and represents marital liabilities. The wife has bank accounts having a balance of $3,084 and she indicates that $887 of this money is held in joint accounts with her husband. She also has a deferred compensation asset valued at $3,785.
The parties own two vehicles — a 1990 Plymouth Voyager valued at $4,000 and a 1981 Volvo Wagon valued at $1,000. The parties' CT Page 14965 most valuable asset is the marital residence located in Hamden, Connecticut where the wife resides with the children. The property has a market value of approximately $110,000, a mortgage of approximately 46,000, and an equity value of approximately $32,000.
The husband is 48 years old. There is no evidence that he suffers from any disability that adversely affects his working or earning capacity to any significant degree, except that he suffers from an alcohol problem which will be discussed further below. The husband is a college graduate and has an expired teacher's degree in industrial arts. He presently works at Dana Corporation as a product designer. According to his financial affidavit, his gross weekly earnings are $847 and his net weekly earnings are $677 from this employment. On his financial affidavit, he lists personal living expenses as about $574 a week and he lists revolving credit card liabilities totaling $4,926. He makes weekly payments of $36 on these liabilities. He also lists bank accounts containing $1,446 and stock valued at $2517. Although the husband does not list any deferred compensation accounts on his financial affidavit, the evidence establishes that through his employment he has a 401-k having a value of about $2,170 and a pension having an annual estimated payment of $5,192.
The evidence establishes that the irretrievable breakdown of the parties' marriage was caused by the husband's excessive use of alcohol. The husband has an alcohol problem which he denies and has failed fully to appreciate or address.
 ORDERS
1. Dissolution of marriage. The parties' marriage is hereby dissolved.
2. Custody. The wife is awarded sole legal and physical custody of the parties' minor children. The wife shall keep the husband informed about major issues and decisions about the children. Pursuant to Section 46b-56 (d) of the General Statutes, the father shall have the right to have access to academic, medical, hospital or other health records or information concerning the children.
3. Visitation. The husband shall have rights of reasonable visitation subject to the following: there shall be no overnight CT Page 14966 visitation; the husband shall not have consumed alcohol within twelve hours of any visit with the children and shall not consume any alcohol during the visitation; and reasonable shall mean at least on dinner visit during the weekdays from 6:00 p. m. to 7:30 p. m. and any Saturday or Sunday afternoon for not less than three hours, except the parties may vary or modify this visitation by mutual agreement.
4. Child Support. The husband shall pay child support pursuant to the child support guidelines calculated to be $269 a week. The child support shall be paid through a wage withholding in the manner authorized by law. The husband shall have the dependency exemptions of the children for tax purposes to the exclusion of the wife, unless or until modified by the court for any default by the husband in paying the child support.
5. Health insurance. The husband shall pay for and provide health insurance for the minor children as provided through his employer. The parties shall divide and pay equally all unreimbursed or uncovered medical, dental, psychological and similar expenses for the minor children.
6. Alimony. The husband shall pay the wife alimony in the amount of $50 a week for seven years. This alimony shall terminate upon the death of either party, the wife's remarriage or the wife's cohabitation as defined by statute. This alimony shall be paid through a wage withholding in the manner authorized by law.
7. Property divisions. The husband shall quitclaim all his right, title and interest in the marital residence to the wife within fourteen days from the date of the judgment. The wife shall thereafter indemnify and hold the husband harmless as to any and all expenses, costs, repairs, or taxes associated with said residence. If the husband fails to execute the quitclaim deed within fourteen days of the judgment as ordered, an order shall issue, upon the plaintiffs motion, transferring full title of the property to the wife as authorized by Section 46b-66a of the General Statutes.
When the quitclaim deed is executed, the wife shall provide the husband with a mortgage lien in the amount of $20,000, bearing an annual interest of 3%, which lien shall become due and payable at the earliest to occur of the following events: the death of the wife; the wife's remarriage or cohabitation as CT Page 14967 defined by statute and found or determined by the court; said property is no longer her principal place of residence; or one month after the youngest child graduates from high school or reaches age eighteen whichever later occurs, but in no event after said child reaches age nineteen. The plaintiffs counsel shall prepare the quitclaim deed and the mortgage lien.
The plaintiff shall retain any funds in any of the parties' joint bank accounts and shall close any such accounts. Each party shall retain his or her own individual bank accounts free and clear of any claims by the other.
The wife shall retain her Aetna deferred compensation account and the husband shall retain his 401-k account free and clear of any claims by the other. The wife shall receive 50% of the husband's pension through a qualified domestic relations order or such other document consistent with the terms of the plan. The plaintiffs counsel shall prepare this order for the court's review and consideration.
Within fourteen days from the date of this judgment, the wife shall transfer to the husband the Volvo. The wife shall transfer to the husband the Plymouth Voyager when the wife obtains a replacement vehicle, but in any event this transfer shall be completed within six months from the date of this judgment. The husband shall return to the wife the following items of personal property: the wife's jewelry and record albums. These items shall be returned within fourteen days from the date of this judgment.
8. Debt divisions. Each party shall assume the debts and liabilities listed on their financial affidavits and shall indemnify and hold each other harmless therefrom, except as follows: the husband shall assume and pay the outstanding balances on the following credit cards and shall indemnify and hold the wife harmless therefrom: Costco Credit Card, GM Credit Card, and the Gold Master Card, representing approximately $2,021 as indicated on the wife's financial affidavit. This debt division shall be deemed in the nature of support and the parties' obligation to indemnify and hold the other harmless regarding the debts and liabilities assumed by them herein shall be deemed non-discharageable in bankruptcy.
9. Counsel fees. The parties shall assume their own attorney fees and costs incurred by them. CT Page 14968
So ordered November 23, 1999
Stevens, J.